AMBER SHERMAN, RACHAEL SPRIGGS,
KERMIT MOORE, BLACK CLERGY
COLLABORATIVE OF MEMPHIS, MEMPHIS
A. PHILIP RANDOLPH INSTITUTE, EQUITY
ALLIANCE,

       *Plaintiffs*,

    *v.*

TRE HARGETT, in his official capacity as
Secretary of State of Tennessee, MARK GOINS,
in his official capacity as Coordinator of Elections
for Tennessee, STATE ELECTION
COMMISSION, and DONNA BARRETT, JUDY
BLACKBURN, JIMMY ELDRIDGE, MIKE
MCDONALD, SECONDRA MEADOWS,
VANECIA BELSER KIMBROW, and KENT
YOUNCE, in their official capacities as members
of the State Election Commission,

      *Defendants.*

Civil Action No. 26 Civ. 616

## MOTION TO RETAIN CASE ASSIGNMENT

Plaintiffs move the Court to retain the assignment of this case, consistent with the applicable Administrative Order of the Court. *See In re Reassignment of Related Civil Cases*, Admin. Order No. 176 (M.D. Tenn. Aug. 13, 2007) ("Admin. Order No. 176").

This case involves a constitutional challenge to the General Assembly's mid-decade redrawing of Tennessee's congressional districts, which Plaintiffs allege was motivated by racial discrimination against Black Memphians in violation of the Fourteenth and Fifteenth Amendments, and constituted impermissible retaliation in violation of the First Amendment. *See* Verified Compl., ECF No. 1 (May 11, 2026). In filing this matter, Plaintiffs marked it as related

1

to *Hale v. Lee*, No. 26 Civ. 603 (M.D. Tenn.). *See* Civil Cover Sheet, ECF No. 1-5 (May 11, 2026). In *Hale*, a group of voters challenge the implementation of the new congressional map for the 2026 election, arguing that the implementation of a new map at this point in the election cycle will burden the fundamental right to vote. *See* Compl., *Hale v. Lee*, No. 26 Civ. 603, Dkt. No. 4 (May 7, 2026). Plaintiffs marked this case as related to *Hale* because it arises out of the same transaction or occurrence (namely the May 2026 redistricting) and because there are some common defendants in both actions. Admin. Order No. 176 at I.c.1, 3.

While the cases are related, reassignment is not warranted here and the Court should accordingly retain this case. Reassignment is "discretionary and is within the exclusive province of the Court." Admin. Order No. 176 at I.b. There is no right to reassignment, and a case may be reassigned "when such reassignment is in the interest of justice." *Id.*

Here, there is no overlap between the legal claims in this action and those in *Hale*, and the relevant facts are also materially different. The claims in this action involve racial discrimination and First Amendment retaliation by the General Assembly, and which require scrutiny of the legislative process and the substance and effects of the new congressional map and its cracking of predominantly Black Memphis and Shelby County. *See* Verified Compl., ECF No. 1 (May 11, 2026). The claims in *Hale* are narrower, and focus on the burden on voters' and candidates' rights due to the infeasibility of implementing the new map for 2026. *See* Compl., *Hale v. Lee*, No. 26 Civ. 603, Dkt. No. 4 (May 7, 2026).

Because the cases are legally and factually distinct, reassignment would not substantially reduce the expenditure of judicial resources necessary to resolve the two maters. Nor do the two matters seek different forms of relief that would create any conflicting orders or judgments. Moreover, the Court in *Hale* is already considering a pending motion for a temporary restraining

2

order, and has set a hearing on that motion for May 20.  Order, *Hale v. Lee*, No. 26 Civ. 603, Dkt. No. 31 (May 11, 2026). Plaintiffs here also contemplate the imminent filing of a motion for a temporary restraining order or preliminary injunction, which will be based on the entirely distinct legal and factual theories underlying their complaint.  And Plaintiffs will seek a temporary restraining order to issue as soon as possible in order to prevent irreparable harm.

Under the circumstances, retaining this case will allow the Court to issue temporary relief more quickly and prevent irreparable harm.  And it will spread the work of resolving multiple, distinct and independent fast-moving emergency motions across multiple district judges, aiding in the rapid resolution of both those motions, which is also in the interest of justice, particularly during the election season.

**CONCLUSION**

The Court should retain assignment of this action.

Dated this 12th day of May, 2026                          Respectfully submitted,

                                                          /s/ Lucas Cameron-Vaughn

Ari J. Savitzky*                                          Lucas Cameron-Vaughn (36284)
Theresa J. Lee*                                           Zee Scout (042637)
Dayton Campbell-Harris*                                   ACLU FOUNDATION OF TENNESSEE
Jonathan Topaz*                                           P.O. Box 120160
Sophia Lin Lakin*                                         Nashville, TN 37212
AMERICAN CIVIL LIBERTIES UNION FOUNDATION                 (615) 320-7142
125 Broad Street, 18th Floor                              lucas@aclu-tn.org
New York, NY 10004                                        zscout@aclu-tn.org
(212) 549-2500
asavitzky@aclu.org
tlee@aclu.org
dcampbellharris@aclu.org
jtopaz@aclu.org
slakin@aclu.org

*motion for admission *pro hac vice*
forthcoming