# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

VICKI HALE, EARLE FISHER, )
TELISE TURNER, HEDY WEINBERG, )
STEPHEN COHEN, CHARLES 'CHAZ' )
MCIVER MOLDER, CHANEY )
MOSLEY, JUSTIN PEARSON, and the )
TENNESSEE DEMOCRATIC PARTY, )
                               )
*Plaintiffs*, )       **CASE NO. 3:26-cv-00603**
                               )
v. )
                               )
BILL LEE, Governor, )
TRE HARGETT, Secretary of State; )
MARK GOINS, Tennessee Coordinator )
of Elections; all in their official capacity )
only, )
                               )
*Defendants*. )

## PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND FOR HEARING

Plaintiffs[1] move the Court for a temporary restraining order and preliminary injunction

enjoining the defendants, Governor Bill Lee, Secretary of State Tre Hargett, and Coordinator of

Elections Mark Goins, in their official capacities only ("Defendants"), from implementing and

enforcing new Tennessee Congressional Districts[2] and new election rules during the 2026 election

cycle.

Plaintiffs do not challenge the new Congressional Districts themselves in this Action.

Rather, Plaintiffs seek to enjoin the implementation and enforcement of the new maps and new

---

[1]      As used herein, "Plaintiffs" refers to the plaintiffs in this action: Vicki Hale, Earle Fisher, Telise Turner, Hedy Weinburg, Stephen Cohen, Charles "Chaz" McIver Molder, Chaney Mosley, Justin Pearson, and the Tennessee Democratic Party.

[2]      The State of Tennessee enacted new Congressional Districts via HB 7001, HB 7002, HB 7003, and HB 7005 (hereinafter, the "Act"). Governor Lee signed the Act on May 8, 2026, and it takes effect immediately.

rules for the 2026 election cycle. Plaintiffs seek the requested injunction for the following two reasons:

**I. Based on the Tennessee Supreme Court's ruling in 2022, delaying Tennessee's election calendar now will infringe Tennessee voters' fundamental right to vote.**

In 2022, the Tennessee Supreme Court halted a trial court order that had moved the candidate qualifying deadline for the August 2022 elections from April 7 to May 5. In so doing, the Supreme Court stated: "Put simply, it is clear from these affidavits that a delay in the Senatorial candidate filing deadline from April 7, 2022, to May 5, 2022, will have a significant detrimental impact on the work of our state and county election officials, risks voter confusion, and potentially compromises the integrity of our state's elections." *Moore v. Lee*, 644 S.W.3d 59, 65 (Tenn. 2022).

The Tennessee Supreme Court issued this order based on sworn affidavits submitted by four election officers who will also be overseeing this year's election, and based on the State's argument that delaying the candidate qualifying deadline into mid-May would "wreak chaos upon the electoral process and would unnecessarily risk voter confusion and disenfranchisement of Tennessee's military and overseas voters, causing irreparable harm to the Defendants and to the public interest."[3]

Now, HB 7001, 7002, 7003, and 7005, enacted on May 7, 2026, move the candidate qualifying deadline to May 15, 2026, which is 10 days later than the qualifying deadline enjoined by the Tennessee Supreme Court in 2022. These enactments also remove the requirement to provide specific notice to voters whose electoral districts have changed, requiring only website notice, even though most of Tennessee's congressional districts have now been altered. Plaintiffs herein seek to enjoin Defendants from implementing and enforcing these enactments for the 2026

---

[3] *See* Defendants' Response in Opposition to Plaintiffs' Motion for Temporary Injunction, attached to the Complaint as <u>Exhibit E</u>, at p. 2.

election cycle to protect Plaintiffs' right to vote and to avoid the constitutional injuries and irreparable harm that the State's election administrators have sworn will result from delaying Tennessee's election calendar and which Governor Lee, Secretary of State Hargett, and Coordinator of Elections Goins have argued, through counsel, will "wreak chaos upon the electoral process and [will] unnecessarily risk voter confusion and disenfranchisement of Tennessee's military and overseas voters, causing irreparable harm to the [State, through its executive officers] and to the public interest."

II.  **Implementing and enforcing Tennessee's Congressional Districts two months after the candidate qualifying deadline and many months into the Candidate Plaintiffs' active campaigns will severely burden Plaintiffs' First Amendment right to associate by negating the associational benefits of already-formed political associations.**

The plaintiffs in this action include voters who have been actively supporting candidates within the long-established Congressional districts where they live (Plaintiffs Hale, Fisher, Turner and Weinberg) and include candidates who have been campaigning for months for election to Congress in the long-established Congressional district where they live (Congressman Cohen, Representative Pearson, Mr. Molder, and Mr. Mosley).

Prior to the Act's enactment, these Voter Plaintiffs and Candidate Plaintiffs engaged in associational conduct: political organizing, volunteering, speaking, campaigning, and donating in support of a political candidate and the views which that candidate represents. Plaintiffs created these associational bonds within their long-established Congressional districts, relying on those maps, relying on the existing election schedules, and relying on Tennessee's statutory ban on mid-decade reapportionment, which had been the law of the State until the Act repealed it.[4]

---

[4] Prior to the enactment of the Act, Tenn. Code Ann. § 2-6-102 read as follows: "The general assembly shall establish the composition of districts for the election of members of the house of representatives in congress after each enumeration and apportionment of representation by the

3

The Act takes a wrecking ball to these efforts. The Act diminishes the associational benefit of many of Plaintiffs' established associations and leaves Plaintiffs mere weeks before the August 6, 2026, primary to reorganize their entire campaign operations, rebuild donor networks, re-recruit volunteers, and re-establish political associations in redrawn districts. "Departures from the preordained rules cause [candidates] particularized and concrete harm." *Bost v. Illinois State Bd. of Elections*, 146 S. Ct. 513, 520–21 (2026) (finding candidate had standing to challenge state's method of counting votes). And here, no compelling reason necessitates such a drastic, unilateral action by Defendants to upend the rules and guidelines of the August 6, 2026, election cycle.

For these reasons, Plaintiffs also or alternately seek to enjoin Defendants from implementing and enforcing the Act for the 2026 election cycle to avoid the infringement of Plaintiffs' constitutional right to free speech and association under the First and Fourteenth Amendments to the United States Constitution.

Plaintiffs support this Motion with the Exhibits attached to the Complaint (including the sworn affidavits of Election Administrators Robertson, Phillips, Davis and Smith attached to the Complaint as Exhibits A through D), as well Plaintiffs' declarations, attached to this Motion as follows or to be filed later on May 8, 2026, as noted:

Exhibit N - Declaration of Rev. Earle Fisher
Exhibit O – Declaration of Telise Turner
Exhibit P – Declaration of Hedy Weinberg (to be filed May 8, 2026)
Exhibit Q – Declaration of Vicki Hale
Exhibit R – Declaration of Stephen Cohen
Exhibit S – Declaration of Charles "Chaz" McIver Molder (to be filed May 8, 2026)
Exhibit T – Declaration of Chaney Mosley
Exhibit U – Declaration of Justin Pearson
Exhibit V – Declaration of Rachel Campbell (to be filed May 8, 2026)

---

congress of the United States. **The districts may not be changed between apportionments**." (emphasis added.) The Act removed the final sentence of this Section.

Plaintiffs seek the above-stated injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Rule 65.01 of this Court, as set forth in Plaintiffs' contemporaneously-filed Memorandum of Law in Support of this Motion.

On May 7, 2026, Plaintiffs' counsel notified by electronic mail the Office of the Tennessee Attorney General and Reporter of the anticipated filing of this action and of this Motion. Counsel in the Attorney General's office responded to Plaintiffs' counsel's email and specified which attorneys to send emails to provide the Office with case filings. Plaintiffs will promptly provide copies of all filings in this case to the directed emails until such time as the case is docketed, attorneys have filed appearances, and the ECF system is sending standard electronic notices of all filings.

Additionally, in accordance with Local Rule 7.01(a)(1) of this Court, Plaintiffs' counsel asked counsel for Defendants whether the State (through the Defendant executive officers) would oppose the relief sought herein. Counsel at the Attorney General's Office confirmed that Defendants oppose this Motion.

For the reasons set forth in Plaintiffs' contemporaneously filed Memorandum in Support of this Motion, Plaintiffs respectfully request that this Court convene a hearing to address Plaintiffs' request to grant this Motion for Temporary Restraining Order and to set a hearing for a preliminary injunction.

5

Dated: May 8, 2026

Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (No. 24968)**
**SCOTT P. TIFT (No. 27592)**
**JOSHUA A. FRANK (No. 33294)**
BARRETT JOHNSTON MARTIN & GARRISON, PLLC
200 31st Ave North
Nashville, TN 37203
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
stift@barrettjohnston.com
jfrank@barrettjohnston.com

**John Spragens (No. 31445)**
Spragens Law PLC
915 Rep. John Lewis Way S., Suite 100
Nashville, TN 37203
Telephone: (615) 983-8900
Facsimile: (615) 682-8533
john@spragenslaw.com

*Attorneys for Plaintiffs*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of this *Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction and for Hearing* was filed electronically with the Clerk's office by using the CM/ECF system on May 8, 2026. Plaintiffs will serve a copy of this filing upon to the following counsel by electronic mail as instructed by the Office of the Tennessee Attorney General and Reporter on May 8, 2026.

Zachary L Barker
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
Phone: (615) 532-4098
Zachary.Barker@ag.tn.gov

Taylor A.R. Meehan*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard
Arlington, VA 22209
taylor@consovoymccarthy.com

/s/ David W. Garrison
DAVID W. GARRISON
**BARRETT JOHNSTON**
**MARTIN & GARRISON, PLLC**

7