# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

VICKI HALE, EARLE FISHER, )
TELISE TURNER, HEDY WEINBERG, )
STEPHEN COHEN, CHARLES 'CHAZ' )
MCIVER MOLDER, CHANEY )
MOSLEY, JUSTIN PEARSON, and the )
TENNESSEE DEMOCRATIC PARTY, )
)
*Plaintiffs*, ) **CASE NO. 3:26-cv-00603**
)
v. ) **JUDGE CAMPBELL**
)
BILL LEE, Governor, )
TRE HARGETT, Secretary of State; )
MARK GOINS, Tennessee Coordinator )
of Elections; all in their official capacity )
only, )
)
*Defendants.* )

---

## DECLARATION OF KENNETH S. BYRD

---

I, Kenneth S. Byrd, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct based on my personal knowledge:

1. I am over the age of eighteen (18), of sound mind, and competent to testify to the matters set forth herein.

2. I am a Commissioner on the Davidson County Election Commission ("DCEC" or the "Commission").

3. Before last Thursday, and since the congressional redistricting that took effect in the 2022 election cycle, Davidson County had been split among three congressional districts: District 5, District 6, and District 7. As a result of the enactment last week of a new, statewide

1

congressional district map, Davidson County is now split differently among three congressional districts: District 4, District 6, and District 7.

4. While the process of implementing changes to ballots, GIS maps, precincts, and identifying (and potentially remedying) split precincts is already underway, it is entirely unclear how the Commission is going to be able to comply with the new map. In particular, I am extremely concerned that the Commission will be unable to prepare all the ballot permutations by the statutory deadline.

5. It will be a more-than-full-time process to try to implement the new map in Davidson County, and has been so since Thursday afternoon, when the state election coordinator instructed the Commission and others across the state to begin implementing elections using the new congressional district map. *See* Ex. A (May 7, 2026 Goins Memorandum). Commission staff are analyzing the new map to determine its impact on the election process and will have to update internal databases and other resources before updating all public-facing websites and notifying voters of the changes, if that will even be possible.

6. Our staff has preliminarily determined that the new law creates 44 new "split precincts"—precincts divided across two or more congressional districts, where not all voters receive the same ballot—of Davidson County's 178 total precincts. Our staff has not been able to determine as of today's date how many of the split precincts that existed under the prior congressional district map still exist.

7. Ordinarily, county election commissions have many months to implement changes and to make sure the ballots they publish and give to voters reflect new district lines. This is a meticulous, time-consuming, iterative process involving multiple cross-checks and safeguards. In Davidson County, that involves DCEC staff performing detailed internal analyses, repeatedly

2

interfacing with the Metropolitan Nashville government department in charge of mapping, the state Comptroller's office, and the state Election Commission. In particular, mapping and balloting software must be carefully checked to ensure each voter in a split precinct receives the correct ballot.

8. Abrupt redistricting without sufficient time to complete the iterative process of redrawing maps and ensuring that all voters in split precincts receive the correct ballots can lead to mapping errors, pollworker training errors, and voter confusion.

9. In 2022, for example—after the congressional redistricting that first trifurcated Davidson County among three districts—an error in communication between the state Election Commission, DCEC, and other state and local government departments led to 3,637 voters being potentially misassigned to the wrong congressional district during early voting and (after identification of the problem) 1,537 voters still being misassigned as of Election Day. This resulted in 437 voters receiving incorrect ballots and, I believe, an unknown number of voters not voting, or their votes not being counted, as a result of confusion during the voting period. *See* Complaint, Ex. J (state Election Commission report on 2022 misassignment).

10. The confusion and errors described above involved redistricting implemented in March of a congressional election year, well before the hasty redistricting now being implemented two months later in the already-underway 2026 election cycle. Even though DCEC's staff is working hard to try to implement the new changes, I am concerned DCEC cannot successfully meet the new deadlines without mass voter confusion and widespread voting errors—far worse than those in 2022. In short, the mid-election redistricting will cause chaos in our upcoming election and, ultimately, undermine confidence in our democratic electoral system.

3

11. Under the newly enacted redistricting, I do not believe that voters will receive direct notice of their updated congressional district, given that the new law passed by the General Assembly abrogates the statutory notice requirement only for this election. In 2022, for example, registered voters in our county received postcards informing them of their new congressional and state election districts. At this point, I think it is unlikely that the Commission will be able to get such postcards printed and distributed in time for the August 6th primary, given the extraordinary amount of work there is to be done before such postcards can be finalized, printed, and mailed. The laws signed by Governor Bill Lee last week do not require that voters receive mailed notice informing them of their new congressional districts. In my experience, elderly voters in particular will be impacted by the lack of notice because they cannot, and do not, regularly access the internet.

12. If voters do not receive such notice, I am confident that the August 2026 primary and November 2026 general election will see mass and unprecedented voter confusion and substantially interfere with the ability of Davidson County voters to exercise their fundamental right to vote. Candidly, even if voters do receive such notice, I believe that there will still be substantial confusion and effective voter disenfranchisement based on the considerable changes to the election map and the concomitant changes to ballots, precincts, and voting locations.

13. It is also my understanding, based upon my own knowledge and the prior sworn statements of state and county election officials, that military and overseas voters may not be able to participate in the August 2026 congressional primary as a result of the mid-cycle redistricting enacted by the General Assembly, and signed by the Governor, last week.

14. Finally, it is my understanding that the new redistricting law requires candidates who have already qualified to run in a congressional district to declare by noon this Friday, May 15, whether they will run in the district they previously qualified in (notwithstanding that they may

4

have been redistricted out of that district), or a different congressional district (notwithstanding that they had not been previously running for election to represent that district). In my view, candidates for office who make that public declaration of intent may be irreparably harmed by being compelled to make such a choice, whether the new maps stand or are not allowed to be implemented for the 2026 election cycle.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th date of May, 2026.

_____
Kenneth S. Byrd

# EXHIBIT A

Tennessee Secretary of State
## Tre Hargett



Elections Division
312 Rosa L. Parks Avenue, 7th Floor
Nashville, Tennessee 37243-1102

Mark Goins
Coordinator of Elections

615-741-7956
Mark.Goins@tnsos.gov

# MEMORANDUM

**To:**      All County Election Commissions

**From:**    Mark Goins *Mark Goins*
Coordinator of Elections

**Date:**    May 7, 2026

**Subject:** Implementation of Revised Congressional Districts

**CC:**      The Honorable Tre Hargett, Tennessee Secretary of State

---

The special session has concluded, and the Governor has signed legislation revising congressional district boundaries and related election processes. Please review the following information carefully and let us know if you have questions.

**Notices**

The law requires our office to provide notice of the revised districts and special qualifying process described later in this memo on our website. This information is now available at https://sos.tn.gov/announcements/2026-congressional-redistricting.

If you are in a county in which all or any portion of a redrawn congressional district is located, you must also publish notice on the county election commission's official website, if one exists. The most efficient way to do this is by linking to our website. Please make sure the link is prominent on your homepage. Even if a district did not change in your county, you should post the link in case voters in your district are looking for that information.

There has been significant news coverage regarding the new districts. Therefore, many of your voters will be aware of the changes. Under the legislation, you are not required to publish the new districts or notice of offices to be elected and deadlines in a newspaper of general circulation.

Case 3:26-cv-00603    Document 28    Filed 05/10/26    Page 7 of 11 PageID #: 863

**Candidate qualifying**

The legislation contains provisions for both existing candidates and for additional candidates. Existing candidates who qualified by the March 10 qualifying deadline are not required to file new petitions. These candidates will have three options:

1. Run in the district that has the same district number as previously qualified.
2. Run in a new district that has a different district number than what appeared on the petition by filing a notarized statement with the coordinator of elections by noon on May 15.
3. Withdraw by noon on May 15 by filing a notarized statement with the coordinator of elections.

Our office will notify the candidates of these options. Candidates may file notarized statements to change districts or withdraw in person, by mail, or by attaching the statement to an email. Existing candidates who take no action will remain qualified in the district listed on their original nominating petition.

The qualifying deadline is open in **all** nine congressional districts. New candidates must file during a special qualifying period that begins now and lasts until noon on Friday, May 15. Candidates can pick up petitions from our office or your office.

Please be prepared to issue petitions to congressional candidates. Because of the compressed qualifying period, we expect they are more likely to pick up from your office even though they file with us. When issuing congressional petitions, please remember:

- The blank at the top of the petition for county should be filled in as "N/A" since congressional districts are multi-county districts.
- Please make sure the correct district, party, and election date are listed on any petition issued. The election date for independent candidates is November 3.
- If you print the qualifying deadline on the petition, make sure it says noon on May 15.
- No candidates can withdraw after the qualifying deadline. If you print the withdrawal deadline on the petition, make sure it says noon on May 15.
- You should provide the summary outline to candidates, so they have all the information about when and where to file.

There are a couple of important updates to the petition process to be aware of. First, new candidates can collect signatures from any voter registered in a county that is wholly or partially within the new district. This provision will only apply to this election to assist in the transition to new districts. Please keep this in mind as you review signatures on any petition filed during the special qualifying period.

Second, candidates must file the original with the coordinator of elections. For candidates wanting to run in a primary, they still must file a certified duplicate with the party by the deadline.

The parties retain their ability to remove candidates who do not meet bona fide requirements under their rules. Any determination that a new candidate should be removed from the ballot must be filed

with the coordinator of elections by email by noon on May 17. Candidates who are disqualified by a party cannot appeal the party's decision.

We will certify the list of candidates to you as soon as practicable after the parties' deadline. Your county election commission must approve the ballot in a public meeting. If held at a time other than their regularly scheduled meeting, you will have to provide public notice. Costs incurred as a result of extra meetings required by these revisions are reimbursable. Remember that the agenda for your meetings must be posted for at least 48 hours before the meeting.

**Reassignment of voters**

To determine what updates will need to be made to your voter registration records, you will need to review the maps, information from the Comptroller's office, and the legislation to determine which district(s) your county now contains. Counties will fall into one of the following categories:

- For counties with no changes to district boundaries or numbering, no voter reassignment will be required.
- For counties that are entirely in one congressional district under the new boundaries, some have a new district number. In these counties, all voters will need to be reassigned to the new district number. Your voter registration vendor should be able to assist you in running a batch update to handle this quickly.
- For counties that now include multiple congressional districts and counties where splits have been revised, you will need to make sure voters are assigned to the correct district. Matthew Hill in the Comptroller's office has offered his assistance. If you have local GIS staff, they will be a resource as well. The process you follow to import maps or update your street index will depend on your voter registration system vendor. After assignments are made by your office, Matthew Hill will perform a comparison to ensure correct assignments.

If the boundaries have changed in your county, you will need to review the new district boundaries in relation to your existing precinct boundaries. A precinct is allowed to contain more than one congressional district. However, some counties may wish to adjust precinct boundaries in order to minimize precinct splits. If precinct boundaries are adjusted and voters are assigned to a new polling place, you must mail notice of the new polling place to every active voter affected.

Additionally, some counties may wish to mail notice to voters to inform them of their updated district number. While you are not required to mail notice solely based on a district number change, the legislature anticipated that some counties may wish to do so and provided funds sufficient to reimburse for these mailings.

**Update election management system**

You will also need to make updates to your voting systems to ensure the correct districts and candidates appear on the ballot. The existing election templates in your election management system are based on the district boundaries adopted in 2022. These templates will need to be updated or rebuilt to ensure the correct splits are assigned. You must proof and test the updates to ensure their accuracy.

**Reimbursements**

The new law provided plenty of financial resources to reimburse counties for expenses incurred by the county election commission in implementing the new districts. Eligible expenses include, but are not limited to:

- Ample staffing costs to implement changes, including overtime or temporary workers
- Fees charged by vendors
- Mailing notices regarding new districts or polling place changes
- County election commission meetings to review revisions and ballots

Please keep up with any expenses related to these revisions. We will provide more detailed instructions about how to submit, but the process will be similar to submitting your expenses for primaries that are reimbursed.

Dated: May 10, 2026

Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (No. 24968)**
**SCOTT P. TIFT (No. 27592)**
**JOSHUA A. FRANK (No. 33294)**
BARRETT JOHNSTON MARTIN & GARRISON, PLLC
200 31st Ave North
Nashville, TN 37203
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
stift@barrettjohnston.com
jfrank@barrettjohnston.com

**John Spragens (No. 31445)**
Spragens Law PLC
915 Rep. John Lewis Way S., Suite 100
Nashville, TN 37203
Telephone: (615) 983-8900
Facsimile: (615) 682-8533
john@spragenslaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this *Declaration of Kenneth S. Byrd* was filed electronically with the Clerk's office and served upon Defendants using the Court's CM/ECF system on May 10, 2026, through their counsel of record as indicated below:

Zachary L Barker
Andrew D. Denning
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
Phone: (615) 532-4098
Zachary.Barker@ag.tn.gov
Andrew.Denning@ag.tn.gov

/s/ David W. Garrison
DAVID W. GARRISON
**BARRETT JOHNSTON**
**MARTIN & GARRISON, PLLC**