# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

VICKI HALE, EARLE FISHER,           )
TELISE TURNER, HEDY WEINBERG,       )
STEPHEN COHEN, CHARLES 'CHAZ'       )
MCIVER MOLDER, CHANEY               )
MOSLEY, JUSTIN PEARSON, and the     )
TENNESSEE DEMOCRATIC PARTY,         )
                                    )
*Plaintiffs*,                       )     CASE NO. 3:26-cv-00603
                                    )
v.                                  )     JUDGE CAMPBELL
                                    )
BILL LEE, Governor,                 )
TRE HARGETT, Secretary of State;    )
MARK GOINS, Tennessee Coordinator   )
of Elections; all in their official capacity )
only,                               )
                                    )
*Defendants*.                       )

## PLAINTIFFS' EMERGENCY MOTION FOR EXPEDITED RULING[1]

Through this Emergency Motion for Expedited Ruling, Plaintiffs respectfully request that the Court rule on their pending Motion for Temporary Restraining Order ("TRO") this week, sufficiently in advance of the 12:00 PM candidate notification deadline[2] on this Friday, May 15, 2026, for Candidate Plaintiffs to avoid being coerced by the Act into communicating which of the newly-drawn congressional districts they will campaign in despite the fact that they are actively seeking to enjoin the implementation and enforcement of those congressional districts. Plaintiffs sought this Court's entry of a TRO to address their claim that the Act will cause voters in the 2026

---

[1] In accordance with Local Rule 7.01(a)(1) of this Court, prior to their filing of a Motion for a TRO, Plaintiffs' counsel conferred with counsel for Defendants whether the State would oppose the relief sought herein. Counsel at the Attorney General's Office confirmed that Defendants oppose such requested relief.

[2] *See* HB 7001, amended Tenn. Code Ann. § 2-16-204(a)(2)(B), (a)(2)(C), Exhibit M to the Complaint, at ECF PageID # ## 220-221.

election process irreparable harm, specifically disenfranchisement.

Plaintiffs filed their Motion seeking a TRO and Preliminary Injunction less than a day after the Governor signed the Act. Plaintiffs sought a TRO in addition to seeking a Preliminary Injunction to preserve the *status quo* until such time as the Court can adjudicate Plaintiffs' request for a preliminary injunction. Only by preserving the *status quo* in such manner can the Court prevent Plaintiffs from suffering further irreparable harm during the time it takes the Court to adjudicate Plaintiffs' request for a preliminary injunction. *The Tactical Edge, LLC v. Garland*, No. 3:23-CV-00544, 2023 WL 12233479, at *2 (M.D. Tenn. June 1, 2023) ("the purpose of a TRO is to preserve the status quo pending a preliminary injunction hearing…"); *Blount Pride, Inc. v. Desmond*, 690 F. Supp. 3d 796, 802 (E.D. Tenn. 2023)**;** *Snipes v. Presbyterian Church (USA)*, No. 3:25-CV-00346, 2025 WL 1336325, at *1 (M.D. Tenn. May 6, 2025) ("the purpose of a temporary restraining order is to preserve the relative positions of the parties until the Court can hold an adversarial hearing for a preliminary injunction"); *Bourgoin v. Sebelius*, 928 F. Supp. 2d 258, 269 (D. Me. 2013).

Should the Court, instead, wait until May 20 (or a date thereafter) to decide whether to issue a TRO, two of the thirteen weeks between the enactment of the Act and the August 6 election will have passed, and, in the interim, election commissions around the state will have made significant progress on the exact type of late electoral changes the Tennessee Supreme Court determined in 2022 would "have a significant detrimental impact on the work of our state and county election officials, risks voter confusion, and potentially compromises the integrity of our state's elections." *Moore v. Lee*, 644 S.W.3d 59, 65 (Tenn. 2022). During this same time, the associational connections between the voters and candidates who have been drawn into different districts will have diminished greatly. During this same time, Candidate Plaintiffs will suffer the

irremediable violation of their First Amendment by having the State target their protected speech by drawing them out of the district where they had been campaigning for months two months after the candidate qualifying deadline. And, again, if the May 15, 2026, deadline of 12:00 PM for candidates to declare their intent of where to run passes without injunctive relief, Candidate Plaintiffs will have been coerced by the State into implicitly endorsing a new election regime that violates their rights and that they are actively seeking to have enjoined.

Plaintiffs' Motion for a TRO also requested a hearing. However, scheduling the hearing nearly two weeks after the enactment of the Act ensures a significant erosion of the *status quo* and the incumbent violation of Plaintiffs' constitutional rights. For these reasons, Plaintiffs have filed a notice withdrawing their request for a hearing on their Motion for a Temporary Restraining Order.

Dated: May 11, 2026        Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (No. 24968)**
**SCOTT P. TIFT (No. 27592)**
**JOSHUA A. FRANK (No. 33294)**
BARRETT JOHNSTON MARTIN & GARRISON, PLLC
200 31st Ave North
Nashville, TN 37203
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
stift@barrettjohnston.com
jfrank@barrettjohnston.com

**John Spragens (No. 31445)**
Spragens Law PLC
915 Rep. John Lewis Way S., Suite 100
Nashville, TN 37203
Telephone: (615) 983-8900
Facsimile: (615) 682-8533
john@spragenslaw.com

*Attorneys for Plaintiffs*

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this *Emergency Motion or Expedited Ruling* was filed electronically with the Clerk's office and served upon Defendants using the Court's CM/ECF system on May 11, 2026, through their counsel of record as indicated below:

Zachary L Barker
Andrew D. Denning
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
Phone: (615) 532-4098
Zachary.Barker@ag.tn.gov
Andrew.Denning@ag.tn.gov

/s/ David W. Garrison
DAVID W. GARRISON
**BARRETT JOHNSTON**
   **MARTIN & GARRISON, PLLC**

4