# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

VICKI HALE, EARLE FISHER, TELISE
TURNER, HEDY WEINBERG, STEVEN
COHEN, CHARLES 'CHAZ' MCIVER
MOLDER, CHANEY MOSLEY, JUSTIN
PEARSON, and the TENNESSEE DEM-
OCRATIC PARTY,

    *Plaintiffs,*

v.

BILL LEE, Governor, TRE HARGETT,
Secretary of State; MARK GOINS, Ten-
nessee Coordinator of Elections; all in
their official capacity only,

    *Defendants.*

No. 3:26-cv-00603
CHIEF JUDGE CAMPBELL

**DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFFS' EMERGENCY MOTION FOR EXPEDITED RULING AND PLAIN-
TIFFS' NOTICE WITHDRAWING REQUEST FOR A HEARING ON
MOTION FOR TEMPORARY RESTRAINING ORDER**

After this Court convened a telephonic conference and set a hearing for this mat-

ter, Dkt. 31, Plaintiffs withdrew their request for a hearing followed by an emergency

motion for expedited ruling on their pending motion for a temporary restraining order

shortly before 5 p.m. yesterday, Dkt. 32 & Dkt. 33. Defendants respond to those filings,

albeit briefly, while Defendants continue preparing their complete response, due tomor-

row, to Plaintiffs' pending motion for a temporary restraining order, memorandum in

support, supplemental brief, and declarations. *See* Dkt. 31.

1

Defendants oppose Plaintiffs' motion for an expedited ruling. The State's recently enacted laws, including the 2026 congressional redistricting plan, are the status quo. *See, e.g., OPAWL-Bldg. AAPI Feminist Leadership v. Yost*, 118 F.4th 770, 775, n.1 (6th Cir. 2024) (staying preliminary injunction of state campaign finance regulation in part because it was an improper "judicial alteration of the status quo" (citation omitted)); *Abbott v. League of United Latin Amer. Citizens*, 146 S. Ct. 418 (2025) (per curiam) (staying preliminary injunction of Texas's mid-decade 2025 redistricting plan over arguments that the State's 2021 plan was the status quo). Those laws are entitled a presumption of constitutionality. *See, e.g., Williamson v. Lee Optical of Okla.*, 348 U.S. 483, 487-88 (1955); *Alexander v. S.C. Conf. of the NAACP*, 602 U.S. at 1, 6, 20 (2024) (rejecting racial gerrymandering claims based, in part, on the presumption of good faith). As will be detailed in Defendants' forthcoming filing, election preparations have been underway since before Plaintiffs filed their suit with the assistance of substantial funding for overtime and any other resources needed to timely and accurately implement 2026 redistricting changes; qualified candidates were immediately notified that they remained qualified and could run in the district of their choosing; and voters could immediately view the current plan and identify their district on the Secretary of State's website by entering their address with the "voter look-up" function. *See* 2026 Tenn. Pub. Ch. 2, 2d Extra. Sess. §1 (relaxing candidate requirements); 2026 Tenn. Pub. Ch. 4, 2d Extra. Sess. §§1-4 (providing more than $3.1 million for imple-

2

menting redistricting changes).[1] Plaintiffs' request for a temporary injunction would interrupt those preparations at the risk of creating the very sort of confusion and errors that election officials could otherwise avoid if their work was not put on pause. Nor would any such pause be justified. Defendants anticipate their forthcoming filings will detail how Plaintiffs' claims are foreclosed by Supreme Court and Sixth Circuit precedent. Their inability to show likely success on the merits is "fatal" to their request for extraordinary preliminary relief. *Enchant Christmas Light Maze & Market Ltd. v. Glowco*, 958 F.3d 532, 539 (6th Cir. 2020).

Plaintiffs request in the alternative that the hearing be moved from May 20, 2026, to May 14, 2026. Dkt. 32 at 2. Plaintiffs did not propose that date at yesterday's telephonic conference, and defense counsel already made arrangements for the May 20, 2026, hearing following that conference. Defendants lead counsel is unavailable on May 14, 2026, due to a long-scheduled scheduled speaking engagement at a federal judicial conference that afternoon.

For the foregoing reasons, Defendants respectfully request that they be permitted to respond to Plaintiffs' pending motion tomorrow, as scheduled, and that the Court deny Plaintiffs' emergency motion for an expedited ruling.

---

[1] *2026 Congressional Redistricting Revised District Boundaries*, Tennessee Secretary of State (last updated May 11, 2026), available at https://sos.tn.gov/announcements/2026-congressional-redistricting.

Dated: May 11, 2026

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *Zachary L. Barker*
ZACHARY L. BARKER (BRP #035933)
*Senior Assistant Attorney General*

ANDREW DENNING (BPR #042208)
*Assistant Attorney General*
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 532-7400
Zachary.barker@ag.tn.gov
Andrew.denning@ag.tn.gov
(615) 532-4098

TAYLOR A.R. MEEHAN (PHV pending)
BRYAN K. WEIR (PHV pending)
OLIVIA C. ROGERS (PHV pending)
Consovoy McCarthy PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
taylor@consovoymccarthy.com
bryan@consovoymccarthy.com
orogers@consovoymccarthy.com

*Counsel for Defendants*

4