# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

|  |  |  |
|---|---|---|
| VICKI HALE, EARLE FISHER, TELISE TURNER, HEDY WEINBERG, STEPHEN COHEN, CHARLES 'CHAZ' MCIVER MOLDER, CHANEY MOSLEY, JUSTIN PEARSON, and the TENNESSEE DEMOCRATIC PARTY, | ) ) ) ) ) ) ) | |
| *Plaintiffs*, | ) ) | **CASE NO. 3:26-cv-00603** |
| v. | ) ) | **JUDGE CAMPBELL** |
| BILL LEE, Governor, TRE HARGETT, Secretary of State; MARK GOINS, Tennessee Coordinator of Elections; all in their official capacity only, | ) ) ) ) ) ) | |
| *Defendants*. | ) | |

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR EMERGENCY MOTION FOR EXPEDITED RULING

Rule 65(b)(3) of the Federal Rules of Civil Procedures and Local Rule 65.01 of this Court both contemplate the issuance of a temporary restraining order ("TRO") without a hearing, and those Rules contemplate the adjudication of an application for a TRO to be decided expeditiously.

This Court has recognized that adjudicating an application for a TRO is appropriate and necessary without having a hearing first and that it should be done expeditiously. *See, e.g.*, *Pryor v. Sixty Vines Nashville, LLC*, 3:23-cv-00674 (Doc. No. 23) (M.D. Tenn.) (Campbell, J.) (Doc. No. 23) (granting a TRO on the same day as the filing of a motion requesting such relief, without a hearing, though plaintiffs requested one, and setting a preliminary injunction hearing seven days

1

after the entry of the TRO).[1] The principles that merited the issuance of a TRO in *Pryor* are the same as here—the Plaintiffs' rights have been and will continue to be violated, and irreparable harm has and will continue to result without this Court's intervention.

Moreover, in *Pryor*, this Court's issuance of a TRO restrained a defendant employer from continuing the implementation of a policy change that the plaintiff alleged violated her rights and the rights of similarly situated employees, even though the defendant had already initiated the implementation of the policy change and had disseminated it to employees. *Id.* Here, Defendants have taken action to implement changes as a result of the Act passed by the Tennessee General Assembly on May 7, 2026, but this Court's TRO would halt continued implementation, including the May 15, 2026, candidate qualifying deadline, until Plaintiffs' motion for preliminary injunction is adjudicated (presumably after a hearing on that Motion).

Even if the Court credits Defendants' argument that the newly enacted congressional maps are the relevant "status quo" for purposes of this litigation (which the Court should not), that does not diminish the force of Plaintiffs' argument that expeditious issuance of a TRO is necessary to prevent irreparable harm. This is because, as this Court has recognized, "[i]f the currently existing status quo itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury, either by returning to the last uncontested status quo between the parties, by the issuance of a mandatory injunction, or by allowing the parties to take proposed action that the court finds will minimize the irreparable injury." *Taylor v. Peone*, No. 1:24-CV-00045, 2024 WL 3572907, at *2 (M.D. Tenn. July 29, 2024) (quoting *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978) (alteration in original).

---

[1]  This Court has also recognized that expeditious denial of a TRO is appropriate. *See, e.g.*, *Humphrey v. Maury Co. Bd. of Educ.*, No. 1:26-cv-00037, 2026 WL 1068989 (M.D. Tenn. Apr. 20, 2026) (Campbell, J.) (denying TRO without prejudice in case filed four days earlier).

2

Plaintiffs' request that this Court set a hearing for Thursday, May 14, 2026, only if the Court has not yet ruled on the pending application for TRO and only if the Court believes that the Parties need to address any questions or concerns not addressed by briefing. Plaintiffs anticipate that this Court will not have any such questions or concerns. If, however, the Court believes such a hearing would be beneficial the hearing could be telephonic, surely one of the five attorneys who have either made their formal appearance for Defendants or sought to be admitted to this Court via *pro hac vice* motion could address any questions directed to Defendants during the hearing. Regardless, a hearing is not necessary for this Court to adjudicate the application for TRO.

Dated: May 12, 2026

Respectfully submitted,

<u>/s/ David W. Garrison</u>
**DAVID W. GARRISON (No. 24968)**
**SCOTT P. TIFT (No. 27592)**
**JOSHUA A. FRANK (No. 33294)**
BARRETT JOHNSTON MARTIN & GARRISON, PLLC
200 31st Ave North
Nashville, TN 37203
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
stift@barrettjohnston.com
jfrank@barrettjohnston.com

**JOHN SPRAGENS (No. 31445)**
SPRAGENS LAW PLC
915 Rep. John Lewis Way S., Suite 100
Nashville, TN 37203
Telephone: (615) 983-8900
Facsimile: (615) 682-8533
john@spragenslaw.com

*Attorneys for Plaintiffs*

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this *Plaintiffs' Reply in Support of their Emergency Motion for Expedited Ruling* was filed electronically with the Clerk's office and served upon Defendants using the Court's CM/ECF system on May 12, 2026, through their counsel of record as indicated below:

Zachary L Barker
Andrew D. Denning
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
Phone: (615) 532-4098
Zachary.Barker@ag.tn.gov
Andrew.Denning@ag.tn.gov

/s/ David W. Garrison
DAVID W. GARRISON
**BARRETT JOHNSTON**
   **MARTIN & GARRISON, PLLC**

4