# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| VICKI HALE, EARLE FISHER, TELISE TURNER, HEDY WEINBERG, STEVEN COHEN, CHARLES 'CHAZ' MCIVER MOLDER, CHANEY MOSLEY, JUSTIN PEARSON, and the TENNESSEE DEMO-CRATIC PARTY, | ) ) ) ) ) ) | No. 3:26-cv-00603 CHIEF JUDGE CAMPBELL |
| *Plaintiffs,* | ) ) ) | |
| v. | ) | |
| BILL LEE, Governor, TRE HARGETT, Secretary of State; MARK GOINS, Tennessee Coordinator of Elections; all in their official capacity only, | ) ) ) ) ) ) | |
| *Defendants.* | ) | |

## DEFENDANTS' MOTION TO CONSOLIDATE AND MEMORANDUM OF LAW

## INTRODUCTION

In this District, there are two pending cases challenging the constitutionality of Tennessee's newly enacted congressional districts. The cases have overlapping issues of law and fact. Both cases require a district court of three judges. 28 U.S.C. §2284(a). And both cases seek emergency relief that will have the effect of prohibiting the use of the 2026 districts in forthcoming elections. The cases warrant consolidation.[1]

## BACKGROUND

**A.** The first-filed case in this District is *Hale v. Lee*, No. 3:26-cv-00603 (M.D. Tenn.).[2] On May 7, 2026, a group of voters, candidates, and the Tennessee Democratic Party filed a complaint against Governor Bill Lee, Secretary of State Tre Hargett, and Tennessee Co-ordinator of Elections Mark Goins. *See generally* Dkt. 23, Hale Am. Compl. The voters are Vicki Hale, Earle Fisher, Telise Turner, and Hedy Weinberg. *Id.* ¶1. The candidates are

---

[1] Short of consolidation, the later-filed case, *Sherman v. Hargett*, No. 3:26-cv-00616 (M.D. Tenn.), should be reassigned consistent with Administrative Order 176, so that fast-moving proceedings in *Sherman* may be coordinated with fast-moving proceedings in this first-filed and related case.  In the *Sherman* case, as contemplated by Administrative Order 176, Defendants' motion for reassignment is pending. *See Sherman v. Hargett*, No. 3:26-cv-00616, ECF 18 (M.D. Tenn. May 13, 2026). Defendants note that the *Sherman* plaintiffs represented their case was related to this case when they filed it. *See id.*, ECF No. 1-5 (May 11, 2026). Despite that representation, the *Sherman* plaintiffs filed a bespoke "motion to retain" the District Judge initially assigned to their case yesterday. *See id.*, ECF No. 6 (May 12, 2026). As explained in the instant motion and Defendants' pending motion in *Sherman*, there is no basis for these cases to proceed separately. Whether consolidated or coordinated, they should proceed before this Court, presiding over this first-filed case, consistent with the standard practice in this District.

[2] Plaintiffs do not oppose coordination but do oppose consolidation.

U.S. Representative Steven Cohen, Charlez 'Chaz' McIver Molder, Chaney Mosley, and Representative Justin Pearson. *Id.* ¶2. Plaintiffs challenge the 2026 congressional districts and revised candidate qualifying requirements, which they refer to collectively as "the Act." *Id*. ¶5. They claim that the 2026 legislation could create election administration problems violating the First and Fourteenth Amendment, *id.* ¶¶75-80, and that the new districts burden their First Amendment associational rights, *id.* ¶¶81-87. Plaintiffs request that the court "enjoin the implementation and enforcement of the Act for the 2026 federal election cycle." *Id.* ¶12; *see also id.* p.22 (Prayer for Relief). This case is assigned to Chief Judge Campbell. Plaintiffs' constitutional claims require a three-judge panel, 28 U.S.C. §2284(a), unless the Court deems the claims "obviously frivolous," *Shapiro v. McManus*, 577 U.S. 39, 45 (2015). *See* Dkt. 38.

**B.** The second-filed case is *Sherman v. Hargett*, No. 3:26-cv-00616 (M.D. Tenn.).[3] Filed on May 11, 2026, a group of voters and two organizations named Secretary of State Tre Hargett, Coordinator of Elections Mark Goins, along with the State Election Commission and its members in their challenge to Tennessee's congressional map. *See generally Sherman v. Hargett*, No. 3:26-cv-00616, ECF 1 (M.D. Tenn. May 11, 2026) (Sherman Compl.)

---

[3] Counsel for Defendants conferred with counsel for the *Sherman* Plaintiffs, who represented they oppose consolidation.

(Ex. 1). Plaintiffs Amber Sherman, Rachael Spriggs, and Kermit Moore are black registered voters in Tennessee. *Id.* ¶6. Black Clergy Collaborative of Memphis and Memphis A. Philip Randolph Institute are organizational plaintiffs. *Id.*

The *Sherman* Plaintiffs contend that Tennessee's congressional map unlawfully discriminates against black voters in violation of the Fourteenth and Fifteenth Amendments. *Id*. ¶¶100-109. They also contend that the new districts are unconstitutional First Amendment retaliation. *Id.* ¶¶110-125. And they ask the court to enter a preliminary and permanent injunction precluding the use of the 2026 districts and to declare that the General Assembly's actions were unlawful. Sherman Compl. ¶6; *id.* p.57-58 (Prayer for Relief). The *Sherman* Plaintiffs represented their case was related to this first-filed case but then filed a novel "motion to retain" after the case was initially assigned to Judge Crenshaw. *Supra* n.1. As contemplated by Administrative Order 176, Defendants' motion for reassignment is pending in *Sherman. Id.*

**ARGUMENT**

Rule 42(a) of the Federal Rules of Civil Procedure provides that cases may be consolidated if they "involve a common question of law or fact." There need not be a "complete identity of legal and factual issues posed in the cases which are the subject of the request." *J4 Promotions, Inc. v. Splash Dogs, LLC*, Nos. 2:09-cv-136, 2:10-cv-432, 2010 WL 3063217, at *1 (S.D. Ohio Aug. 3, 2010). Rather, consolidation may be found "when some common questions of fact and analysis of the complaints indicate that the legal issues are

3

almost identical." *Bishop v. Coulter Ventures, LLC*, No. 19-CV-5050, 2021 WL 184810, at *2 (S.D. Ohio Jan. 19, 2021).

These redistricting challenges warrant consolidation. The *Sherman* Plaintiffs already represented that their case is related to this first-filed case. *See Sherman v. Hargett*, No. 3:26-cv-00616, ECF 1-5, at §VII (M.D. Tenn. May 11, 2026) (Civil Cover Sheet). With good reason—the factual issues are exactly the same, involving the General Assembly's 2026 Special Session culminating in the passage of the 2026 congressional map. There are also "common and controlling issues of law." *Miller v. Toyota Motor Corp.*, No. 3:07CV3549, 2008 WL 11451545, at *1 (N.D. Ohio Feb. 22, 2008). Described above, both actions challenge the redistricting of Tennessee's congressional districts on First and Fourteenth Amendment grounds. The actions also involve similar parties. Both include Secretary of State Hargett and Coordinator Goins as defendants. And though the plaintiffs are different, their interests are similar. Both actions require a three-judge court. 28 U.S.C. §2284(a). And all plaintiffs make the same remedial request: an order prohibiting the State's use of the 2026 congressional map in forthcoming elections.

With these threshold conditions satisfied, consolidation is discretionary, *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993), and courts do so "for the economy and convenience of the court and of the parties." *3D Enters. Contr. Corp. v. Harpeth Valley Utils. Dist.*, No. 3:05-0594, 2006 WL 8457621, at *1 (M.D. Tenn. Oct. 11, 2006). The underlying

4

objective of consolidation is "to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) (quoting 9 Wright & Miller, Federal Practice and Procedure, § 2381 (1971)). Courts consider whether the "risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits" outweighs the "risks of prejudice and possible confusion." *Cantrell*, 999 F.2d at 1011 (citation omitted).

Here, the risk of inconsistent adjudications outweighs any risk of prejudice or confusion. Without consolidation, Defendants must defend the 2026 congressional districts on an expedited basis in two separate cases and with the prospect of two separate three-judge courts. And both sets of Plaintiffs seek emergency relief precluding the use of those districts in forthcoming elections, which raises the prospect of inconsistent orders. Should the use of congressional districts be enjoined in one case but not another, that itself will create confusion for forthcoming elections. Consolidation is warranted to allow both cases to proceed together before the same three-judge court and avoid that risk of inconsistent orders.

On the other side of the ledger, consolidation presents little risk of confusion given that this case is in the "very early stages of litigation." *Kohus v. Toys "R" Us, Inc.*, 2006 WL 1476209, at *1 (S.D. Ohio May 25, 2006). At that early stage, consolidation will conserve judicial resources and promote judicial economy given that these related actions draw

5

from the same factual background, involve similar legal briefing, and turn on similar is-

sues of fact and law.

## CONCLUSION

For all these reasons, Defendants respectfully request that the Court consolidate

the related redistricting challenges.

6

Dated: May 13, 2026

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *Zachary L. Barker*
ZACHARY L. BARKER (BRP #035933)
*Senior Assistant Attorney General*

ANDREW DENNING (BPR #042208)
*Assistant Attorney General*
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 532-7400
Zachary.barker@ag.tn.gov
Andrew.denning@ag.tn.gov
(615) 532-4098

TAYLOR A.R. MEEHAN (PHV pending)
BRYAN K. WEIR (PHV pending)
OLIVIA C. ROGERS (PHV pending)
Consovoy McCarthy PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
taylor@consovoymccarthy.com
bryan@consovoymccarthy.com
orogers@consovoymccarthy.com

*Counsel for Defendants*

7